Stephanie R. Tatar (237792)
TATAR LAW FIRM, APC
3500 West Olive Avenue, Suite 300
Burbank, CA 91505
Telephone: (323) 744-1146
Facsimile: (888) 778-5695
Stephanie@thetatarlawfirm.com

*Attorneys for Plaintiff*
*Martha Elizabeth Kidd*

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MARTHA ELIZABETH KIDD** **Plaintiff,** vs. **ACCURATE BACKGROUND, INC.** **Defendant.** | Case No. 8:17-cv-2175 **COMPLAINT FOR VIOLATIONS OF FAIR CREDIT REPORTING ACT** **DEMAND FOR JURY TRIAL** |

## PRELIMINARY STATEMENT

1. This is an action for damages brought by an individual consumer against the Defendant for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*, *as amended*. Under the FCRA, "consumer reports" subject to the statute's protections include not simply those used in establishing the consumer's eligibility for credit, but also those used for "employment purposes." 15 U.S.C. § 1681a(d)(1)(B).

2. The FCRA was enacted "to ensure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the

1
COMPLAINT AND JURY DEMAND

consumer's right to privacy," 15 U.S.C. § 1681(a)(4), by operating "in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy" of the consumer information they disseminate. 15 U.S.C. § 1681(b).

## JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

4. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Plaintiff Martha Elizabeth Kidd is an adult individual who resides in the State of Texas.

6. Defendant Accurate Background, Inc. ("Accurate") is a consumer reporting agency which provides background and employment screening services, risk-management services and products, information management products and services, and decisions-making intelligence. Accurate regularly conducts business in the Central District of California and has a principal place of business located at 7515 Irvine Center Drive, Irvine, CA 92618

## FACTUAL ALLEGATIONS

7. In or around September 2017, Plaintiff applied for employment at Amazon.com, Inc. ("Amazon").

8. Plaintiff interviewed for the position and was provisionally hired by Amazon, contingent upon a background check.

9. Amazon requested from the Defendant, and the Defendant sold to Amazon a consumer report concerning the Plaintiff, in or around October 2017.

2
COMPLAINT AND JURY DEMAND

1  10. The consumer report furnished by Defendant was for employment
2 purposes.
3  11. The consumer report furnished by Defendant was inaccurate.
4 Specifically, the inaccurate information includes, but is not limited to, a charge for
5 "assault with a deadly weapon", a class A misdemeanor which should have been
6 reporting as the lesser charge of "assault by contact", a class C misdemeanor.
7  12. The inaccurate information negatively reflects upon the Plaintiff, and
8 misidentifies Plaintiff's criminal history. It appears that Defendant, as a result of its
9 unreasonable procedures, produced a consumer report that inaccurately reported
10 Plaintiff's criminal history because it failed to update its criminal records.
11  13. Defendant has been reporting the inaccurate information through the
12 issuance of false and inaccurate background information and consumer reports that
13 it has disseminated to various persons and prospective employers, both known and
14 unknown.
15  14. The inaccurate information includes, but is not limited to, an
16 inaccurate criminal record labeling the Plaintiff as being convicted of assault with
17 a deadly weapon.
18  15. The derogatory inaccuracy appears to be caused by a failure to update
19 its public records data. Any rudimentary inspection of the data would reveal the
20 inaccuracy. Defendant obviously failed to employ such a procedure.
21  16. In creating and furnishing the Plaintiff's consumer report, Defendant
22 failed to follow reasonable procedures to assure the maximum possible accuracy of
23 the information it reported about the Plaintiff. Had Defendant followed such
24 procedures it would have never reported the inaccurate information on Plaintiff's
25 consumer report.
26  17. Plaintiff was subsequently denied employment opportunities through
27 Amazon. Plaintiff was informed by Amazon that the basis for the decision

3
COMPLAINT AND JURY DEMAND

denying her employment was the inaccurate information that appears on Plaintiff's Accurate background report and that the inaccurate information was a substantial factor in the denial.

18. Plaintiff disputed the inaccurate information with Accurate by written and oral communications to its representatives and by following Accurate's established procedures for disputing consumer credit information in or around October 31, 2017.

19. Notwithstanding Plaintiff's efforts, in or around October 2017 Defendant sent Plaintiff correspondence indicating its intent to continue publishing the inaccurate information and Defendant continued to publish and disseminate such inaccurate information to other third parties, persons, entities and potential employers.

20. Despite Plaintiff's efforts, Defendant, however, has never: (1) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's disputes; (2) contacted all third parties that would have relevant information concerning Plaintiff's disputes; (3) forwarded any relevant information concerning Plaintiff's disputes to the entities originally furnishing the inaccurate information; and (4) requested or obtained the actual public records, police records or other records relating to the criminal charges.

21. Despite Plaintiff's exhaustive efforts to date, Defendant has nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, has failed to remove the inaccurate information, has failed to report on the results of its reinvestigations to all of Plaintiff's potential employers and has continued to report the derogatory inaccurate information about the Plaintiff.

22. As of result of Defendant's conduct, Plaintiff has suffered actual damages in the form of lost employment opportunities, harm to reputation, and emotional distress, including humiliation and embarrassment.

23. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

24. At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal law and the rights of the Plaintiff herein.

## **COUNT I – VIOLATIONS OF THE FCRA**

25. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

26. At all times pertinent hereto, Defendant was a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. §§ 1681a(b) and (f).

27. At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

28. At all times pertinent hereto, the above-mentioned consumer report was a "consumer report" as that term is defined by 15 U.S.C. § 1681a(d).

29. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant is liable to Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency pursuant to 15 U.S.C. § 1681e(b) and § 1681i.

30. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and

harm to the Plaintiff outlined more fully above and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## JURY TRIAL DEMAND

31.  Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o; and

(e) Such other and further relief as may be necessary, just and proper.

Respectfully Submitted,

_____
Stephanie R. Tatar
Tatar Law Firm APC
3500 West Olive Avenue
Suite 300
Burbank, CA 91505
Telephone: (323) 744-1146
Facsimile: (888) 778-5695

Dated: December 12, 2017